# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HOCKESSIN HOLDINGS, INC., as Trustee | § § § | |
| | § | CASE NO. 4:15CV704 |
| v. | § | Judge Mazzant |
| | § | |
| OCWEN LOAN SERVICING, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #12). Having considered the relevant pleadings, the Court is of the opinion that the motion to remand should be denied.

Plaintiff Hockessin Holdings, Inc., as Trustee, a successor in interest to a purchaser at a Homeowners Association foreclosure sale, filed this action in the 219th Judicial District Court of Collin County, Texas, against Defendant Ocwen Loan Servicing, LLC. Defendant removed this case to the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that removal was proper based upon diversity of citizenship. On December 19, 2015, Plaintiff filed a motion to remand (Dkt. #12). On February 2, 2016, Defendant filed its response (Dkt. #21). No reply was filed.

The question raised in the motion to remand is whether complete diversity exists between the parties as required by 28 U.S.C. § 1332. For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citation omitted).

Plaintiff Hockessin Holdings, Inc., as trustee, is a Delaware Corporation with its principal place of business in Texas. For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.

*Id.*; 28 U.S.C. § 1332(c)(1). Thus, Plaintiff is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

Defendant Ocwen Loan Servicing, LLC is a limited liability company. For purposes of diversity, the citizenship of a limited liability company and a limited partnership is determined by considering the citizenship of all the members and partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc., which is incorporated and has its principal place of business in the U.S. Virgin Islands. Thus, Ocwen Loan Servicing, LLC is a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.

Plaintiff's entire motion to remand is based upon the assertion that Defendant previously judicially admitted that, for purposes of diversity, it is citizen of Florida and Delaware, and should be estopped from contesting that it is a citizen of any other state than Florida and Delaware. Plaintiff points to the following cases where Defendant admitted it was a citizen of Florida and Delaware for purposes of diversity jurisdiction: *Kingman Holdings, LLC, as Trustee v. Ocwen Loan Servicing, LLC*, No. 4:15-cv-613 (E.D. Tex. filed Sept. 9, 2015); *Summit Residential Services, LLC, as Trustee for the Beacon Hill Village 11b Trust v. Ocwen Loan Servicing, LLC*, No. 3:15-cv-1935 (N.D. Tex. filed June 4, 2015). In these two cases, Defendant indicated that Ocwen Financial Corporation was its only member.

Defendant responds that regardless of any prior statements regarding diversity jurisdiction in other cases, the evidence shows that Defendant is a citizen of the U.S. Virgin Islands. The Court agrees.

In this case, Defendant's prior statements regarding its citizenship in earlier Notices of

Removal are simply evidentiary admissions that can be controverted by Defendant. The evidence establishes that Defendant is a foreign limited liability company and that the sole member of Defendant is Ocwen Mortgage Servicing, Inc. The evidence is clear, and uncontested, that Ocwen Mortgage Servicing, Inc. is incorporated and its principal place of business is the U.S. fVirgin Islands. Therefore, Defendant is a citizen of the U.S. Virgin Islands for purpose of diversity jurisdiction. Although this motion should be properly denied, Defendant fails to offer an explanation why it made different representations in prior cases.

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #12) is hereby **DENIED**.

It is further **ORDERED** that Defendant shall file a response that explains the reasons for the inconsistent position, within fourteen (14) days of this Order.

**SIGNED this 16th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE